NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted May 14, 2008[*]
Decided May 16, 2008

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

JOHN L. COFFEY, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 07-2851

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| v. | No. 06-CR-261 |
| STEVEN M. WEBER *Defendant-Appellant*. | Charles N. Clevert, Jr. *Judge*. |

**O R D E R**

Steven Weber pleaded guilty to a single count of wire fraud.  *See* 18 U.S.C. § 1343. The district court sentenced him to 36 months' imprisonment and 5 years' supervised release, and ordered him to pay $178,464 in restitution.  The court directed Weber to pay at least $200 per month while on supervised release but set no payment schedule for his term of imprisonment.  The court also ordered Weber to participate in the Inmate Financial Responsibility Program.

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record.  *See* FED. R. APP. P. 34(a)(2).

On appeal Weber argues only that the district court committed plain error by failing to set a restitution payment schedule for his period of incarceration. Weber filed his brief before we decided *United States v. Sawyer*, Nos. 06-1275, 06-1614 & 06-4030, 2008 WL 942653, at *1 (7th Cir. Apr. 9, 2008). In that decision we held that if a defendant cannot pay immediately the sentencing court should set a payment schedule to begin after the defendant's release from prison. *Id.* at 3. Payments during the term of incarceration should be handled through the Bureau of Prisons, not the courts. *Id.* at *3. In his reply brief, filed after the *Sawyer* decision, Weber concedes that his argument is now foreclosed by that decision. Accordingly, we conclude that the district court did not err by setting a payment schedule to begin after Weber's release from incarceration.

AFFIRMED.